# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# CASE NO.

BRUCE RAYMOND BRANDEL

    Plaintiff,

v.

THE FILTA GROUP, INC.

And

FRANCHISE BRANDS, PLC

    Defendants.          /

## COMPLAINT

Plaintiff, BRUCE RAYMOND BRANDEL ("Plaintiff"), by and through his undersigned attorney, sues Defendants, THE FILTA GROUP, INC. ("Filta"), and FRANCHISE BRANDS, PLC ("Franchise Brands") and alleges as follows:

### INTRODUCTION

1. This is an action for damages, declaratory, and injunctive relief by Plaintiff against Filta for disability discrimination under the Americans with Disabilities Act (ADA), and the Florida Civil Rights Act of 1992 ("FCRA"),

Florida Statute §§448.101.104 ("FPWA"). This action also involves this Honorable Court's supplemental jurisdiction to cover the intentional civil theft of Plaintiff's funds, as well as breach of contract, both written and verbal, and unjust enrichment.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and Americans with Disabilities Act (ADA). The Court's supplemental jurisdiction is invoked for the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1391(b), in that the Defendants maintain offices within this judicial district, and carries on commerce with citizens of this judicial district at an open place of business located within this judicial district.

## PARTIES AND EXHAUSTION OF REMEDIES

4. Plaintiff is a male, sui juris, and, at all times material to this action, was a resident located in part of Indian River County, Florida and for the majority of the time listed in the complaint he worked for Filta out of its Orange County, Florida premises. Since leaving the employment of Filta, Plaintiff has relocated to Orange County, Florida.

5. Filta is an American corporation incorporated in Delaware but has maintained an office in Orange County, Florida at 7075 Kingspointe Parkway, Suite 1 in Orlando. At all times material to the complaint, Filta maintained commercial operations within the state of Florida through the Orange County location, as well as other offices located throughout the state. The majority of the retaliation and discrimination that Plaintiff faced occurred while he was located in Orange County. Franchise Brands is a foreign company from Great Britain that purchased Filta in a share merger midway through Plaintiff's employment, but has maintained Filta as a quasi-independent company under Franchise Brands umbrella. Other than Filta, Franchise Brands does not have operation headquarters within the United States. Despite the ownership of Filta by Franchise Brands, Franchise Brands has not registered with the state of Florida to conduct business within the state but has maintained Filta's registration with the state of Florida.

6. Plaintiff has complied with all conditions precedent to jurisdiction under Title VII and the FCRA in that he filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") within 300 days of the unfair employment practices alleged in this Complaint; Plaintiff has filed this suit within 90 days of receiving a Right to Sue notice from the EEOC dated June 13, 2023 that was received by Plaintiff on June 15, 2023; and Plaintiff is

filing this Complaint within the FCRA's four (4) year statute of limitations for the alleged discriminatory acts. Thus, all administrative prerequisites have been satisfied and this suit is timely filed.

## GENERAL ALLEGATIONS

7. Plaintiff received an offer letter from Filta on October 8, 2021, which promised in return for his willingness to take on responsibilities of the Senior Director of Sales, an annual incentive program where he would receive "$25,000.00 at 20% Revenue Growth, an additional $25,000.00 at 25% Revenue Growth" as well as "20,000 SARS to be issued upon approval by the Filta board". This was in addition to a salary of $125,000.00 and travel reimbursement that he did receive and other incentives he did not receive such as medical, dental and vision insurance. Plaintiff had made some inquiries online about the employment longevity at Filta and found that there were was what he perceived to be quick turnover at most positions. As a result of his perception that Filta had a short employee retention pattern, Plaintiff would not have accepted the position and provided his labor to Filta but for the inducement of a guaranteed annual incentive "bonus" and immediate receipt and vestment of the SARS.

8. SARS or stock appreciation rights offer the right to the cash equivalent of a stock's price gains over a predetermined time interval. Employers

almost always pay this type of incentive in cash to employees upon their request after vestment or upon separation of their employment.

9. No other offer or contract was provided to Plaintiff, beyond the initial offer letter dated October 8, 2021 that was communicated to Plaintiff via email at 3:07 PM.

10. Plaintiff accepted the offer letter the same day via email, October 8, 2021 at 3:34 PM. Three minutes later at 3:37 PM, Tom Dunn the CEO of Filta confirmed that the contract was accepted and welcomed Plaintiff on board.

11. On or about June 15, 2022, the twenty thousand (20,000) Filta SARS issued to Plaintiff were converted to 95,000 SARS in Filta's parent company, Franchise Brands.

12. At some point after the conversion of the Filta SARS to Franchise Brands, Plaintiff was provided access by Filta Human Resources to an online account at Franchisebrands.Optiontrax.com wherein he could monitor the value of the portfolio and make adjustments.

13. All four quarters he worked for Filta and Franchise Brands, Plaintiff received a separate discretionary performance bonus for Revenue Growth of six thousand two hundred and fifty dollars post tax of $6,250.00.

14. For the rolling twelve month year Plaintiff worked for Filta, Filta received earned more than thirty one and a half percent (31.5%) Revenue Growth.

If Filta had not been above the twenty five percent (25%) Revenue Growth necessary to receive the nondiscretionary annual bonus, Plaintiff would not have received discretionary quarterly bonuses for Revenue Growth.

15. Plaintiff received no written or verbal warnings prior to his termination and received rewards of discretionary quarterly bonuses while working for Filta and Franchise Brands. Therefore, Plaintiff was maintaining at least the minimum standards required for performance at Filta and Franchise Brands.

16. On or about October 27, 2022, Plaintiff attended a Filta and Franchise Brands Board Meeting via telecommunications along with Filta's CEO Tom Dunn ("Tom Dunn"). Apparently at this Board Meeting, Plaintiff exhibited a noticeable manic phase of his behavior. Immediately after the Board Meeting, Tom Dunn turned to Plaintiff and said "You were acting really manic, is everything alright?" Plaintiff jokingly responded, "Yeah, other than my wife leaving me recently and my mom being diagnosed with cancer last month." Tom Dunn reiterated. "Just so you know, you were just acting really weird."

17. Despite the joking retort to Tom Dunn, Plaintiff took the accusation seriously and immediately went to a medical center for review. Plaintiff was diagnosed on October 31, 2022 with "Bipolar II Disorder".

18. Bipolar II Disorder is not a milder form of Bipolar I Disorder, but a separate diagnosis with differing symptoms. While the manic episodes of Bipolar I

Disorder can be severe and dangerous, individuals with Bipolar II Disorder can be depressed for substantially longer periods of time with only occasional flareups of a hypomanic phase, which can cause significant impairment. Signs and symptoms of Bipolar I and Bipolar II disorders may include other features, such as anxious distress, melancholy, psychosis or others. Bipolar II Disorder is considered a disability under the Americans with Disabilities Act (ADA) due to its ability to substantially impact job performance without appropriate accommodation.

19.  Immediately after being diagnosed with Bipolar II Disorder, on October 31, 2022, Plaintiff notified Tom Dunn of his disability. Plaintiff actually thanked Tom Dunn for bringing the issue to his attention as Plaintiff had not recognized the severity of the symptoms on his own. Plaintiff believed that the new treatment he was receiving for his Bipolar II Disorder would solve any lingering employment issues.

20.  Plaintiff worked the following week without issues and left for a previously scheduled hunting trip in the Adirondack Mountains on November 11, 2022. Plaintiff returned from the trip on November 17, 2022 and on his first day back at work for Filta and Franchise Brands he was immediately terminated. The only rationale that Filta and Franchise Brands provided to Plaintiff was that the companies were "restructuring." However, Plaintiff's position as Director of Sales was immediately filled and there have been at least three individuals in the position

between the time of Plaintiff's termination and the date of the initial Complaint with this Honorable Court. Defendants allegation that the termination was due to restructuring is clearly specious and the causal connection between Plaintiff's termination due to disability discrimination is made by the close nexus in time between Plaintiff's revelation to the company of his disability and the nearly immediate termination despite a history of his high performance with the companies.

21. Following his termination, Plaintiff had his access to Franchisebrands.Optiontrax.com denied so that he could not see or manipulate his Franchise Brands SARS. The money associated with the SARS were kept for the benefit of Franchise Brands owners.

22. Prior to and subsequent to Plaintiff's termination, Plaintiff did not receive his nondiscretionary fifty thousand dollar ($50,000) annual incentive bonus despite working for more than a year.

23. On or about December 31, 2022, Plaintiff submitted a legal demand letter to Defendants requiring the return of the value of the SARS, the production of the nondiscretionary incentive and the value of medical, dental and vision insurance within a reasonable time. Defendants were warned that legal fees and punitive damages would possibly accrue due to their theft of Plaintiff's earned income.

24. Plaintiff has satisfied all conditions precedent to bringing this action or these conditions have been waived or otherwise excused.

25. Plaintiff has retained the undersigned attorney to represent him in this action and is obligated to pay said attorney a reasonable fee for his services. Plaintiff requests said attorneys' fees as damages in this lawsuit.

**COUNT I: VIOLATION OF FCRA (DISABILITY DISCRIMINATION)**

26. This is an action for discrimination based upon disability as a protected class under the FCRA.

27. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-25 and incorporates these allegations herein by this reference.

28. Defendant violated the FCRA by discriminating against Plaintiff based upon his disability by immediately terminating Plaintiff after a manic episode in a Board Meeting. This termination occurred within a few weeks of Plaintiff's revelation to the CEO Tom Dunn that he had been diagnosed with Bipolar II Disorder which is a considered a protected disability within the ADA and the FCRA.

29. As a result of Defendants' violations of the FCRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, BRUCE RAYMOND BRANDEL, prays that this Court will:

    a. Order Defendants, THE FILTA GROUP, INC. and FRANCHISE BRANDS PLC, to remedy the national origin discrimination of Plaintiff by:

        i. Paying appropriate back pay;

        ii. Paying prejudgment and post-judgment interest;

        iii. Paying front pay in lieu of reinstatement;

        iv. Paying for lost benefits including medical insurance, pension and retirement plan;

        v. Providing any other relief that is appropriate.

    b. Enter an order against Defendants for compensatory damages;

    c. Enter an order against Defendants for punitive damages;

    d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

## COUNT II: VIOLATION OF AMERICANS WITH DISABILITIES ACT (DISABILITY DISCRIMINATION)

30. This is an action for discrimination based upon disability under the Americans with Disabilities Act (ADA).

31. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-25 and incorporates these allegations herein by this reference.

32. Defendant violated ADA by discriminating against Plaintiff based upon his disability by immediately terminating Plaintiff after a manic episode in a

Board Meeting. This termination occurred within a few weeks of Plaintiff's revelation to the CEO Tom Dunn that he had been diagnosed with Bipolar II Disorder which is a considered a protected disability within the ADA and the FCRA.

33. Defendants' discriminatory actions had the purpose and effect of denying the Plaintiff rights in connection with his employment with Defendants that employees outside his disability were allowed to enjoy.

34. As a result of Defendants' violations of the ADA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, BRUCE RAYMOND BRANDEL, prays that this Court will:

    a. Order Defendants, THE FILTA GROUP, INC. and FRANCHISE BRANDS PLC, to remedy the national origin discrimination of Plaintiff by:

        i. Paying appropriate back pay;

        ii. Paying prejudgment and post-judgment interest;

        iii. Paying front pay in lieu of reinstatement;

        iv. Paying for lost benefits including medical insurance, pension and retirement plan;

        v. Providing any other relief that is appropriate.

    b. Enter an order against Defendants for compensatory damages;

c. Enter an order against Defendants for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

## COUNT III: CIVIL THEFT

35. Plaintiff re-alleges the allegations contained in paragraphs 1-25 above.

36. Plaintiff submitted a written notice to Filta and Franchise Brand's ownership clearly stating the civil theft that was occurring to Plaintiff's earned commissions by Defendants.  This demand notice was submitted more than 30 days prior to the commission of the trial.  Plaintiff had provided further notice through the submission of the initial Complaint with this Honorable Court that it will be seeking treble damages and attorney's fees for this theft.  This notice is likewise publicized more than 30 days prior to the commission of the trial.

37. Defendants continue to abscond and hold Plaintiff's earned income through the theft of his earned SARS, earned nondiscretionary annual performance and value of the earned medical, dental and vision insurance and these funds were stolen for the benefit of the owners of Filta and Franchise Brands.

38. Plaintiff has been damaged due to Defendants willful failure to pay Plaintiff for all of his services.  Defendants have willfully failed to pay Plaintiff for worked previously performed including their theft of Plaintiff's earned SARS, earned medical, dental and vision insurance and nondiscretionary annual

performance incentive. Prior to the commission of Discovery, a reasonable estimate of this loss is two hundred forty-two thousand six hundred twenty-six dollars ($242,626).

WHEREFORE, Plaintiff requests judgment against the Defendants for treble damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as the court may deem proper.

### COUNT IV: BREACH OF WRITTEN EMPLOYMENT CONTRACT

39. Plaintiff re-alleges the allegations contained in paragraphs 1-25 above. This count is alleged in the alternative to Counts III, V and VI.

40. Plaintiff and Defendants entered into a written agreement as described for his work.

41. Pursuant to the parties' agreement Defendants agreed to compensate the Plaintiff at the terms specified above.

42. An essential term of the written agreement was that Defendants would pay Plaintiff according to the terms of said agreement.

43. Defendants have willfully failed to pay Plaintiff for his earned SARS, earned medical, dental and vision insurance and earned nondiscretionary annual performance incentive. Prior to the commission of Discovery, a reasonable estimate of this loss is two hundred forty-two thousand six hundred twenty-six dollars ($242,626).

44. Plaintiff has been damaged due to Defendants willful failure to pay Plaintiff the appropriate agreed upon income.

45. Pursuant to § 448.08, Florida Statutes, Plaintiff is entitled to costs of the action and a reasonable attorney's fee.

WHEREFORE, Plaintiff requests judgment against the Defendants for damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as the court may deem proper.

## COUNT V: BREACH OF ORAL EMPLOYMENT CONTRACT

46. Plaintiff re-alleges the allegations contained in paragraphs 1-25 above. This count is alleged in the alternative to Counts III, IV and VI.

47. Plaintiff and Defendants entered into an oral agreement with the terms specified in the above allegations to pay Plaintiff for his work.

48. Pursuant to the parties' agreement Defendants agreed to compensate the Plaintiff at the terms specified above.

49. An essential term of the oral agreement was that Defendants would pay Plaintiff according to the terms of said agreement.

50. Defendants have willfully failed to pay Plaintiff for his earned SARS, earned medical, dental and vision insurance and earned nondiscretionary annual performance incentive. Prior to the commission of Discovery, a reasonable

estimate of this loss is two hundred forty-two thousand six hundred twenty-six dollars ($242,626).

51. Plaintiff has been damaged due to Defendants' willful failure to pay Plaintiff the appropriate agreed upon income.

52. Pursuant to § 448.08, Florida Statutes, Plaintiff is entitled to costs of the action and a reasonable attorney's fee.

WHEREFORE, Plaintiff requests judgment against the Defendants for damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as the court may deem proper.

## COUNT VI – UNJUST ENRICHMENT

53. Plaintiff re-alleges the allegations contained in paragraphs 1-25 above. This count is alleged in the alternative to Counts III, IV and V.

54. As an alternative pleading to the allegations in Counts III, IV and V, Plaintiff gave Defendants benefits but was not compensated fully for his services.

55. Defendant has accepted these services and never objected to the same.

56. Plaintiff has been damaged due to Defendants willful failure to pay Plaintiff for all of his services. Defendants have willfully failed to pay Plaintiff for his earned SARS, earned medical, dental and vision insurance and earned nondiscretionary annual performance incentive. Prior to the commission of

Discovery, a reasonable estimate of this loss is two hundred forty-two thousand six hundred twenty-six dollars ($242,626).

WHEREFORE, Plaintiff, BRUCE RAYMOND BRANDEL, prays that this Court will:

a. Order Defendants, THE FILTA GROUP, INC. and FRANCHISE BRANDS PLC,, to remedy the unjust enrichment by:

i. Paying appropriate back pay;

ii. Paying prejudgment and post-judgment interest;

iii. Paying front pay in lieu of reinstatement;

iv. Paying for lost benefits including medical insurance, pension and retirement plan;

v. Providing any other relief that is appropriate.

b. Enter an order against Defendants for compensatory damages;

c. Enter an order against Defendants for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 448.104, Florida Statutes.

## DEMAND FOR JURY TRIAL

Plaintiff, BRUCE RAYMOND BRANDEL, hereby demands trial by jury on all claims triable by right of jury under state or federal law.

Dated this 11th day of September, 2023

Respectfully submitted,

*Warren J. Pearson, JD*

Warren James Pearson, JD
3562 Four Oaks Blvd
Tallahassee FL 32311
Independent Co-Counsel with Marble Law
Counsel for Plaintiff
Telephone: (850) 567-6164
E-mail: warpear@gmail.com
Florida Bar No.: 0711578